Slavko VIDOVIC

v.

**LOSINJSKA PLOVIDBA OOUR BROADARSTVO; Island Shipping, S.A.; Cool Wind Navigation, Inc.; and M/V Zamet.**

Civ. A. No. 93–3887.

United States District Court, E.D. Pennsylvania.

March 2, 1994.

---

Marvin I. Barish, Law Offices of Marvin I. Barish, P.C., Harry Lore, Law Office of Harry Lore, Philadelphia, PA, for plaintiff.

Timothy J. Abeel, Palmer, Biezup and Henderson, Philadelphia, PA, for defendants.

## MEMORANDUM

PADOVA, District Judge.

In this case, a foreign seaman injured in the course of his employment aboard a vessel sued the foreign owners of that vessel for damages from personal injuries and penalty wages. Pursuant to Federal Rule of Civil

Procedure 12(b)(1), the shipowners have moved to dismiss for lack of subject matter jurisdiction.[1] For the following reasons, I will deny the motion.

Plaintiff Slavko Vidovic, a merchant seaman from the former nation of Yugoslavia,[2] alleges the following facts in his complaint. Defendants Losinjska Plovidba Oour Broadarstvo, Island Shipping, S.A., and Cool Wind Navigation, Inc. are Croatian corporations that own, operate, possess, manage, and control the M/V Zamet (the "Vessel"). The Vessel is registered in Panama, engages in foreign commerce, and regularly calls at ports in the United States.

On November 29, 1992, Vidovic signed articles of engagement and joined the Vessel as an employee in Puerto Rico. Vidovic was employed as a member of the Vessel's crew in the capacity of First Mate and was paid a salary of $1900 per month. When the Vessel was docked in the Port of Chester, Pennsylvania on May 16, 1993, Vidovic, while engaged in the course of his employment and performance of his duties, fell from a ladder in the number two hatch of the Vessel. As a result of this accident, Vidovic suffered serious injuries, including a fractured vertebra. Vidovic claims that his injuries resulted from the Vessel's unseaworthiness and the negligence of defendants and their agents, servants, and employees.

Vidovic was immediately taken to a nearby hospital by the United States Coast Guard. Although defendants owed Vidovic more than two months of his earned wages at that time, they never tendered payment to him on May 16, 1993. Thereafter, defendants ignored Vidovic's demand for the full amount of his earned wages. Based upon these allegations, Vidovic asserts claims for: (1) his personal injuries (count I); (2) maintenance, cure, earned wages, and unearned wages (count II); and (3) penalty wages (count III).[3]

Defendants have moved to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.), *cert. denied*, 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991). Dismissal under Rule 12(b)(1) is proper only when the claim " 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous.' " *Id.*

Pursuant to Rule 12(b)(1), defendants first move to dismiss Vidovic's claim for penalty wages under the Seaman's Wage Act, 46 U.S.C.A. § 10313 (West Supp.1993), which provides, in relevant part, that:

(f) At the end of a voyage, the master shall pay each seaman the balance of the wages due the seaman within 24 hours after the cargo has been discharged or within 4 days after the seaman is discharged, whichever is earlier. When a seaman is discharged and final payment of wages is delayed for the period of time permitted by this subsection, the seaman is entitled at the time of discharge to one-third of the wages due the seaman.

(g) When payment is not made as provided under subsection (f) of this section, without sufficient cause, the master or owner shall pay to the seaman 2 days' wages for each day payment is delayed.

(i) This section applies to a seaman on a foreign vessel when in a harbor of the

---

1. Alternatively, the shipowners have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff has requested more time to respond to the Rule 56 portion of the motion. Pursuant to an agreement among counsel, I will dismiss without prejudice the Rule 56 portion of the motion.

2. The parties dispute the exact whereabouts of Vidovic's residence and domicile. As it is not necessary to the disposition of the motion, I need not resolve the issue here.

3. Vidovic alleges that this action arises under the Jones Act, 46 U.S.C.A. § 688 (West Supp.1993); the General Maritime Law of the United States; the Foreign Sovereign Immunities Act, 28 U.S.C.A. § 1608 (West Supp.1993); and the Seaman's Wage Act, 46 U.S.C.A. § 10313 (West Supp.1993). Although I conclude that I have jurisdiction over the Seaman's Wage Act claim and supplemental jurisdiction over the remainder of the claims, I make no determination with respect to the applicability of American law with respect to Vidovic's other claims. That choice of law analysis remains for another day.

United States. The courts are available to the seaman for the enforcement of this section.

Thus, the Seaman's Wage Act expressly confers subject matter jurisdiction over a penalty wage claim brought by a foreign seaman against a foreign vessel owner. *See Velidor v. L/P/G Benghazi*, 653 F.2d 812, 818 & n. 11 (3d Cir.1981).[4] Jurisdiction over a wage claim made in good faith under this statute is mandatory. *See Tismo v. M/V Ippolytos*, 776 F.Supp. 928, 933 (D.N.J.), *aff'd*, 947 F.2d 937 (3d Cir.1991). Lack of good faith means that the claim is devoid of any prospect of success. *See Castillo*, 937 F.2d at 244.

■ To recover penalty wages under the statute, Vidovic must prove that: (1) the voyage ended; (2) he, as a foreign seaman, was discharged in a port of the United States; and (3) without sufficient cause, payment of wages was withheld for more than four days after the date of his discharge. *See* 46 U.S.C.A. § 10313(f), (g), (i); *Su v. M/V Southern Aster*, 978 F.2d 462 (9th Cir. 1992), *cert. denied*, ─── U.S. ───, 113 S.Ct. 2331, 124 L.Ed.2d 244 (1993). Vidovic has some prospect of success on these elements. As to the first, evidence indicates that the voyage ended when cargo was discharged in Savannah, Georgia on May 18, 1993. *See* April Hale Aff.

■ As to the second element, there is evidence that when the Vessel was docked in the port of Chester, Pennsylvania on May 16, 1993, Vidovic, a foreign seaman employed on the Vessel, was injured and taken off the Vessel for required medical treatment. *See* U.S. Coast Guard Report of Marine Accident; Letter from April Hale to U.S. Department of Justice dated May 18, 1993. A seaman who is forced to leave his ship because of injury requiring medical treatment is deemed "discharged" under the Seaman's Act. *See Cerda v. Eletson Maritime Corp.*, 515 F.Supp. 883, 886 (E.D.Pa.1981).[5]

Finally, as to the third element, Vidovic has offered evidence that: (1) while recuperating in the hospital on May 18 and 19, 1993, Vidovic asked the Vessel's Captain and Radio Officer for his wages; (2) Vidovic only received half of his February wages by May 19, 1993; (3) on May 28, 1993, defendants deposited $860 into Vidovic's bank account to. cover the balance of his February wages; (4) defendants deposited Vidovic's March wages into his bank account on July 13, 1993; (5) defendants deposited Vidovic's April and May wages into his bank account on August 4, 1993. *See* Slavko Vidovic Aff. Defendants have offered nothing to suggest that the wage payments were withheld beyond the statutory time period for sufficient cause. *Cf. George v. Kramo Ltd.*, 796 F.Supp. 1541, 1544–45 (E.D.La.1992) (summary judgment granted in favor of seaman where vessel owner failed to offer any evidence of sufficient justification for delay in payment of wages). Thus, I find that Vidovic has met his Rule 12(b)(1) burden with respect to good faith.[6] Therefore, I also find that Vidovic's

---

4. In *Velidor*, the Third Circuit construed a predecessor statute to 46 U.S.C.A. § 10313. By citing and applying case law construing predecessor statutes to 46 U.S.C.A. § 10313, the parties implicitly agree in their memoranda that case law relating to such predecessor statutes apply. I will therefore assume, without deciding, that such case law applies. *See Castillo v. Spiliada Maritime Corp.*, 937 F.2d 240, 243–44 (5th Cir. 1991) (citing and applying case law construing predecessor statutes to a claim under 46 U.S.C.A. § 10313).

5. Defendants maintain that the Seaman's Wage Act only applies where a seaman is discharged at the end of a voyage. The United States District Court for the District of Oregon rejected an argument that 46 U.S.C.A. § 10313 not only requires a plaintiff to be discharged in a United States port, but his discharge must also coincide with the end of the voyage. *See Jose v. M/V Fir Grove*,

765 F.Supp. 1015, 1018 (D.Or.1990). Defendants also argue that Vidovic was not discharged because his employment contract provided for his continued employment in the event that he experienced medical problems and because federal law assesses penalties on foreign vessel owners if their seamen are discharged. As to the employment contract argument, the Seaman's Wage Act "override[s] contrary provisions in contracts." *Velidor*, 653 F.2d at 820. As to the federal penalty argument, the fact that the Vessel is subject to penalty or fine if it discharges seamen in the United States does not answer the question of whether Vidovic was discharged for purposes of the Seaman's Wage Act.

6. Defendants argue that Vidovic's claim is not asserted in good faith because he deserted the ship on July 15, 1993. However, there is evidence that defendants, as late as July 28, 1993, did not consider Vidovic a deserter. *See* Fax

penalty wage claim does not " 'clearly appear to be immaterial and made solely for the purpose of obtaining jurisdiction' " and is not " 'wholly insubstantial and frivolous.' " *Kehr Packages,* 926 F.2d at 1409.

Pursuant to Rule 12(b)(1), defendants next move to dismiss Vidovic's personal injury and remaining wage claims.[7] 28 U.S.C.A. § 1367(a) (West 1993) provides, in relevant part, that:

> [I]n any civil action of which the district courts have original jurisdiction [i.e., a federal question claim], the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

In adopting 28 U.S.C.A. § 1367, Congress codified under the name of "supplemental jurisdiction" the existing case law doctrines of pendent and ancillary jurisdiction. *See* 28 U.S.C.A. § 1367, Practice Commentary. Following the analyses of prior case law, the courts, in interpreting and applying 28 U.S.C.A. § 1367, are required to determine whether the federal and nonfederal claims (1) arise from a common nucleus of operative fact and (2) are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding. *See Perkins v. City of Philadelphia,* 766 F.Supp. 313, 317–18 (E.D.Pa.1991) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)).

I find that Vidovic's personal injury and wage claims arise out of a common nucleus of operative facts—the events surrounding the injury that caused Vidovic's "discharge." Furthermore, once jurisdiction exists over a

seaman's wage claim, the court should entertain personal injury claims in the same suit and dispose of the entire case on the merits. *See Abraham v. Universal Glow, Inc.,* 681 F.2d 451, 452 (5th Cir.1982); *Dutta v. Clan Graham,* 528 F.2d 1258, 1260–61 (4th Cir. 1975). Thus, Vidovic would ordinarily be expected to try all claims in one judicial proceeding. Accordingly, I will exercise supplemental jurisdiction over all other claims in this matter.[8]

---

from Mr. Porobic to April Hale dated July 28, 1993. Accordingly, defendants' argument lacks merit.

7. Solely for purposes of this supplemental jurisdiction discussion, I assume, without deciding, that Vidovic's personal injury and remaining wage claims cannot be asserted under any federal statute.

8. Citing *Kanagaratnam v. Vialogro Compania Naviera, S.A.,* No. 82–2795, 1984 W.L. 735, *4–5 (S.D.N.Y. Aug. 6, 1984), defendants argue that I

should nevertheless dismiss the personal injury claims under the doctrine of *forum non conveniens.* I initially note that the discussion of supplemental jurisdiction in the *Kanagaratnam* case was entirely *dicta* because that District Court dismissed the complaint for improper service. Furthermore, at a conference with the parties, I decided not to entertain the *forum non conveniens* arguments in the disposition of this motion because Vidovic had not yet had the opportunity to conduct discovery on the issues relevant to the doctrine of *forum non conveniens.*