### Slavko VIDOVIC

v.

### LOSINJSKA PLOVIDBA OOUR BROADARSTVO; Island Shipping, S.A.; Cool Wind Navigation, Inc.; and M/V Zamet.

### Civ. A. No. 93–3887.

United States District Court,
E.D. Pennsylvania.

July 15, 1994.

Memorandum Denying Reconsideration
Aug. 8, 1994.

---

Marvin I. Barish, Law Offices of Marvin I. Barish, P.C. and Harry Lore, Law Office of Harry Lore, Philadelphia, PA, for plaintiff.

Timothy J. Abeel, Palmer, Biezup and Henderson, Philadelphia, PA, for defendants.

## MEMORANDUM

PADOVA, District Judge.

In this case, a foreign seaman injured in the course of his employment aboard a vessel sued the foreign owners of that vessel for penalty wages, maintenance and cure, and damages arising from his personal injuries. The shipowners have now moved to dismiss under the doctrine of *forum non conveniens.* For the following reasons, I will deny the motion.

The following facts are essentially undisputed. The various independent republics that formerly comprised the nation of Yugoslavia are in the midst of a civil war. Defendant Losinjska Plovidba Oour Broadarstvo ("Losinjska") is a Croatian corporation that is owned and controlled in substantial part by the Republic of Croatia and, therefore, is an instrumentality of the Republic of Croatia. Defendants Losinjska, Island Shipping, S.A., and Cool Wind Navigation, Inc. are Croatian corporations that own, operate, possess, manage, and control the M/V Zamet (the "Vessel"). The Vessel is registered in Panama, engages in foreign commerce, and regularly calls at ports in the United States.

On November 29, 1992 in San Juan, Puerto Rico, plaintiff Slavko Vidovic, a merchant seaman, who was born in Ljubjana, Slovenia and last resided in Sarajevo, Bosnia,[1] signed articles of engagement and joined the Vessel as an employee. After suffering an injury while the Vessel was docked in the Port of Chester, Pennsylvania and allegedly being deprived of his wages, Vidovic filed a complaint in which he alleged claims for: (1) his personal injuries (count I); (2) maintenance, cure, earned wages, and unearned wages (count II); and (3) penalty wages (count III).

On January 14, 1994, defendants moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). By Memorandum and Order dated March 1, 1994, I denied the motion, finding subject matter jurisdiction over the penalty wage claim and supplemental jurisdiction over the remainder of Vidovic's claims. *See Vidovic v. Losinjska Plovidba Oour Broadarstvo*, 868 F.Supp. 691, 695 (E.D.Pa.1994).[2] In the written Memorandum, I expressly refused to analyze the *forum non conveniens* arguments at that time because Vidovic had not yet had the opportunity to conduct discovery with respect to the issues relevant to the doctrine of *forum non conveniens*. *See id.* at 695 n. 8. After sufficient time for discovery, defendants again move to dismiss under the doctrine of *forum non conveniens*.

■ The doctrine of *forum non conveniens* permits a court to dismiss a case despite the existence of jurisdiction because of consideration for the interests of the litigants and in the interest of justice. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947). Under the doctrine of *forum non conveniens*, the district court must retain flexibility, and each case turns on its particular facts. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249–50, 102 S.Ct. 252, 262–63, 70 L.Ed.2d 419 (1981). Under the doctrine, a district court may in the exercise of its sound discretion, dismiss a case " 'when the alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish ... oppressiveness and vexation to defendant ... out of all proportion to plaintiff's convenience, or when the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems.' " *See Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 42 (3d Cir.1988) (*Lacey I*) (citations omitted). In deciding whether to dismiss a case under the doctrine of *forum non conveniens*, the ultimate inquiry is "where trial will best serve the convenience of the parties and the ends of justice." *See id.* (citation omitted).

■ The defendant bears the burden of persuasion as to all elements of the *forum non conveniens* analysis. *See Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d Cir. 1991) (*Lacey II*). This burden comprises two essential elements. The moving party must show that: (1) an adequate, alternative forum exists as to all parties; and (2) the private and public interest factors weigh heavily on the side of dismissal.[3] *See id.*

---

1. Along with the Republic of Croatia, the Republic of Slovenia and the Republic of Bosnia were formerly part of the nation of Yugoslavia.

2. In his complaint, Vidovic averred that this action arose under the Jones Act, 46 App.U.S.C.A. § 688 (West Supp.1994); the General Maritime Law of the United States; the Foreign Sovereign Immunities Act, 28 U.S.C.A. § 1608 (West Supp. 1994); and the Seaman's Wage Act, 46 U.S.C.A. § 10313 (West Supp.1994). Although I previously concluded that I had jurisdiction over the Seaman's Wage Act claim and supplemental jurisdiction over the remainder of the claims, I made no determination with respect to the American law's applicability to Vidovic's other claims. *See Vidovic*, 868 F.Supp. at 693–694 n. 3 (E.D.Pa.1994). Rather, I assumed, solely for

purposes of that motion, that the only federal statute under which Vidovic could assert a claim was the Seaman's Wage Act. *See id.*, at 695 n. 7.

3. Only if there is an adequate, alternative forum must the district court then consider and balance several private and public interest factors. *See Lacey II*, 932 F.2d at 180. This balancing is essentially qualitative rather than quantitative. *See id.* at 182. There is no rigid rule, and each case turns upon its particular facts. *See Lacey I*, 862 F.2d at 43. However, the plaintiff's choice of forum should rarely be disturbed unless the balance of factors is strongly in favor of the defendant. *See Lacey II*, 932 F.2d at 180.

The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance

■ The requirement of an adequate, alternative forum is satisfied when: (a) the defendant is amenable to process in the other jurisdiction; and (b) the remedy available in the alternative forum is clearly satisfactory. *See id.* Here, defendants seek dismissal of this action in favor of litigation proceeding in Croatia. It is undisputed that defendants are amenable to process in Croatia.

■ With respect to the adequacy of the remedy available in Croatia, defendants have submitted a letter from Josip Kardum, the Deputy Minister of Justice of the Republic of Croatia. That letter, translated into English, states as follows:

Regarding your demand in connection with safety and stability of legal proceedings before the courts of Republic of Croatia we inform you as follows:

From the very beginning of the aggression on the Republic of Croatia in 1991 up to now[,] the courts in the Republic of Croatia have not interrupted with work. In that period all the courts were working continually and all parties could obtain legal protection. The same is with the courts in the UNPA zones which continued with work in other cities out of their seats.

According to above, we can certify that there are neither legal nor factual reasons which could prevent functioning of the courts of Rijeka or Split and parties to obtain their rights.

Letter from Josip Kardum, Deputy Minister, the Ministry of Justice of the Republic of Croatia, to Losinjska Plovidba of Sept. 20, 1993. Defendants have also submitted a letter from Dr. Kresimir Pirsl, a Counselor at the Croatian Embassy in Washington, D.C. In this letter, Mr. Pirsl states as follows:

We hereby confirm that the Courts of the Republic of Croatia are open and have been handling cases involving disputes under the laws of the Republic of Croatia at all times. Their work has been continuous,

before and after the proclamation of the independence of the Republic of Croatia on October 8, 1991. Both Croatian citizens, and foreign citizens who have civil law disputes with Croatian citizens, were and are able to pursue their legal remedies before the Courts of the Republic of Croatia.

The above applies to the Courts on the territory that is under the control of the Croatian Government, which at all times included the cities and municipalities of Rijeka and Split.

Letter from Dr. Kresimir, Counselor, Embassy of the Republic of Croatia in Washington, D.C., to Palmer, Biezup & Henderson of May 2, 1994. Finally, defendants have submitted the affidavit of Dubravko Kovacec, a private attorney who practices law in the Republic of Croatia. In the affidavit, Mr. Kovacec states that the legal system in the Republic of Croatia is "independent in every respect and there exists full separation between the executive, legislative, and judicial authorities." Dubravko Kovacec Aff. ¶ 2.

Vidovic also has submitted information relating to the adequacy of the legal remedy available to him in Croatia. First, Vidovic has submitted a letter from twelve members of the United States House of Representatives to President Clinton. In the letter, the Representatives state that the President of the Republic of Croatia forced the former head of the Croatian Supreme Court to resign because that judge dismissed charges brought against leaders of a political party in opposition to the party that is led by the President of the Republic of Croatia. *See* Letter from Reps. Traficant, Hefley, Stokes, Fazio, Gutierrez, Henry, Dellums, Berman, Towns, Gilman, Frost, and Schroeder to President Clinton of May 13, 1993, at 2. Vidovic has also pointed to certain remarks made on the record by Rep. Traficant. In his remarks, Rep. Traficant again makes

of the unwilling; (3) the cost of obtaining attendance of the willing; (4) possibility of view of the premises, if view would be appropriate; and (5) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *See id.* The relevant public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interests in having localized controversies decided at home; (3) the interest in having a trial of a diversity case in a forum that is home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflicts of laws or the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *See id.*

note of the fact that the head of the Croatian Supreme Court was dismissed because of his ruling dismissing criminal charges against an opposition leader. *See* 139 Cong.Rec. E1883 (daily ed. July 27, 1993) (statement of Rep. Traficant). Rep. Traficant then read into the record several relevant materials for consideration by the House of Representatives. Included in these materials was a statement from The Muslim Parliament of Great Britain, which stated that "the judicial system of Croatia can be and is being turned to use for the partisan interests of the Government, and that a fair trial is not something that people can expect in Croatia if they disagree with the Government." *See id.* (letter from Ira Straus, Executive Director, The Muslim Parliament of Great Britain, to Franjo Tudjman, President of the Republic of Croatia of Apr. 14, 1993).

In this case, Vidovic, a foreign citizen who is not Croatian, is suing, among others, an instrumentality of the Republic of Croatia. *See* Complaint ¶ 2; Answer ¶ 2 (admitting that Losinjska is owned and controlled in substantial part by the government of the Republic of Croatia). Defendants' submissions establish that the courts of the Republic of Croatia are functioning during the civil war. They do not controvert plaintiffs' submissions, which set forth evidence that the courts of the Republic of Croatia may be biased in favor of the government. The statement by a single attorney in Croatia attesting to the independence of Croatia's judiciary does not carry defendants' burden of persuasion when countered by evidence from the United States Representatives and the Muslim Parliament of Great Britain. Therefore, I conclude that defendants have not carried their burden with respect to the adequacy of the remedy available in Croatia in a suit by a non-Croatian citizen against an instrumentality of the government of the Republic of Croatia, and cannot establish the existence of an adequate, alternative forum for all parties. Accordingly, I need not reach the second prong of the *forum non conveniens* analysis, which requires weighing the various private and public interest factors, and I will deny defendants' motion.

## MEMORANDUM ON RECONSIDERATION

In this case, a foreign seaman injured in the course of his employment aboard a vessel sued the foreign owners of that vessel for penalty wages, maintenance and cure, and damages arising from his personal injuries. The shipowners have now moved for reconsideration of my July 14, 1994 Memorandum and Order denying their motion to dismiss under the doctrine of *forum non conveniens*. For the following reasons, I will deny the motion.

**I**

The following facts are essentially undisputed. The various independent republics that formerly comprised the nation of Yugoslavia are in the midst of a civil war. Defendant Losinjska Plovidba Oour Broadarstvo ("Losinjska") is a Croatian corporation controlled in substantial part by the Republic of Croatia. Defendants Losinjska, Island Shipping, S.A., and Cool Wind Navigation, Inc. (collectively, the "Defendants") are Croatian corporations that own, operate, possess, manage, and control the M/V Zamet (the "Vessel"). The Vessel is registered in Panama and engages in foreign commerce.

On November 29, 1992 in San Juan, Puerto Rico, Plaintiff Slavko Vidovic, a merchant seaman, who was born in Ljubjana, Slovenia and last resided in Sarajevo, Bosnia,[1] joined the Vessel as an employee. After suffering an injury while the Vessel was docked in the Port of Chester, Pennsylvania and allegedly being deprived of his wages, Vidovic filed a complaint in which he asserted claims for: (1) his personal injuries (count I); (2) maintenance, cure, earned wages, and unearned wages (count II); and (3) penalty wages (count III).

On January 14, 1994, pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants moved to dismiss the complaint for lack of

---

1. Along with the Republic of Croatia, the Republic of Slovenia and the Republic of Bosnia were formerly part of the nation of Yugoslavia.

700

subject matter jurisdiction. By Memorandum and Order dated March 1, 1994, I denied the motion, finding subject matter jurisdiction over the penalty wage claim and supplemental jurisdiction over Vidovic's other claims. *See Vidovic v. Losinjska Plovidba Oour Broadarstvo,* 868 F.Supp. 691, 695 (E.D.Pa.1994) (*"Vidovic I"*). In the written Memorandum, I expressly refused to analyze the *forum non conveniens* arguments because Vidovic had not yet had the opportunity to conduct discovery with respect to that issue. *See id.* at 695 n. 8.

On May 11, 1994, after sufficient time for discovery had elapsed, Defendants again moved to dismiss under the doctrine of *forum non conveniens.* By Memorandum and Order dated July 14, 1994, I denied the motion because Defendants failed to meet their burden with respect to demonstrating the adequacy of the remedy available to Vidovic in the alternative forum. *See Vidovic v. Losinjska Plovidba Oour Broadarstvo,* op. at 699 (E.D.Pa.1994) (*"Vidovic II"*). Defendants now seek reconsideration of that ruling.

**II**

Defendants do not specify the procedural rule under which they move for reconsideration. However, any motion " 'that draws into question the correctness of the district court judgment is considered to be a motion to alter or amend the judgment under [Federal Rule of Civil Procedure] 59(e).' " *Stepanuk v. State Farm Mut. Auto. Ins. Co.,* No. 92–6095, 1993 WL 166748, at *2 (E.D.Pa. May 14, 1993) (quoting *In re 6 & 40 Inv. Group, Inc.,* 752 F.2d 515, 515–16 (10th Cir.1985)).

A motion under Rule 59(e) may only be granted for the following reasons: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent

manifest injustice. *See id.* However, motions for reconsideration may not be used by litigants to make the same arguments on the same set of facts previously presented to the Court. *See id.*

**III**

Defendants argue that my previous ruling is clearly erroneous because: (1) I made certain factual errors; (2) I erred in concluding that Croatia is an inadequate alternative forum; and (3) I inadequately weighed the parties' submissions. Defendants also offer new evidence that they argue entitles them to reconsideration. I will now analyze each of these arguments.[2]

Defendants first argue that I erred in naming Losinjska an "instrumentality," as that term is defined in the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C.A. § 1603(a) (West 1994),[3] and that such error renders my holding clearly erroneous. In *Vidovic II,* op. at 699, I held that Defendants had not met their burden with respect to demonstrating the adequacy of a legal remedy available in Croatia to a foreigner who sues an instrumentality of the Republic of Croatia. Although I designated Losinjska as an instrumentality, I did not rely upon the definition of that term as set forth in the FSIA. Rather, at several different points in the Memorandum, I defined the term instrumentality as an entity owned and controlled in substantial part by the Republic of Croatia. *See id.* at 696 (stating that it was uncontested that Losinjska "is a Croatian corporation that is owned and controlled in substantial part by the Republic of Croatia and, therefore, is an instrumentality of the Republic of Croatia"). *See also id.* at 699 ("In this case, Vidovic, a foreign citizen who is not Croatian, is suing, among others, an instrumentality of the Republic of Croatia. *See* Complaint ¶ 2; Answer ¶ 2 (admitting that Losinjska is owned and controlled in substan-

**2.** Vidovic initially filed a motion to quash the motion for reconsideration, arguing that the motion was untimely. However, on August 4, 1994, counsel for Vidovic informed the Court by telephone that he was withdrawing this motion to quash in light of Federal Rule of Civil Procedure 6. Accordingly, I need not decide this issue.

**3.** The FSIA provides that an "instrumentality of a foreign state" means "any entity ... which is a separate legal person, corporate or otherwise, ... a majority of whose shares or other ownership interest is owned by a foreign state or a political subdivision thereof." 28 U.S.C.A. § 1603(a).

tial part by the government of the Republic of Croatia).") Thus, I do not find that I made a clear error in connection with labelling Losinjska as an instrumentality of the Republic of Croatia.

Moreover, it was not necessary to my holding that Losinjska be an instrumentality of the Republic of Croatia. Rather, it was sufficient that Losinjska be controlled in substantial part by the Republic of Croatia because my holding was based, in part, upon Defendants' failure: (1) to present adequate evidence to rebut Vidovic's submissions, which indicated that the courts in the Republic of Croatia might be biased in favor of the Republic of Croatia (and any entity substantially controlled by the Republic); and (2) to carry their burden of demonstrating the adequacy of the remedy available to a foreigner who sues an entity controlled in substantial part by the Republic of Croatia. Thus, to the extent that it was error to label Losinjska an instrumentality, I do not find that such error had any bearing on my ruling. Accordingly, I reject this argument as grounds for reconsideration.[4]

Defendants also claim that I erroneously concluded that Croatia is an inadequate, alternative forum. I disagree. As stated above, I denied Defendants' motion to dismiss because Defendants failed to meet their burden of proof with respect to the availability of an adequate, alternative forum. *See id.* at 699. Specifically, I reviewed both parties' submissions and found that Defendants failed to meet their burden of demonstrating that the remedy available in the Republic of Croatia is clearly satisfactory. *See id.* at 697–98, 699. I made no conclusion as to the adequacy of the remedy available, but merely found that Defendants had not carried their burden on the issue. Accordingly, I reject Defendants' second claim of error.

Defendants next argue that I improperly weighed the parties' submissions. However, these arguments, which attack the sufficiency

of Vidovic's submissions and bolster Defendants' submissions, are essentially the same arguments previously presented in the motion to dismiss. Compare Defs.' Resp. to Pl.'s Mem. of Law (docket entry no. 30) at 2–5 and Defs.' Mem. of Law Re: Choice of Law (docket entry no. 35) at 5 with Defs.' Mot. for Recons. (docket entry no. 38) at 3–4. Accordingly, I need not consider them again. *See Stepanuk*, 1993 WL 166748, at *2.

Finally, Defendants offer additional evidence relating to the adequacy of the alternative forum in the form of two court cases in which German citizens obtained judgments against Losinjska in the courts of the Republic of Croatia. In addition, Defendants have alleged that they will file the translation of a third case in which a Swiss citizen obtained a judgment against Losinjska in the Croatian court system. For the following reasons, I do not find that this new evidence compels me to grant their motion for reconsideration. First, the mere fact that three foreigners obtained judgments against Losinjska does not address the adequacy of those judgments. Second, the new evidence does not address the issue of whether a merchant seaman, like Vidovic, who was born in Slovenia, last resided in Bosnia, and has been called a "deserter" from his country can obtain an adequate remedy in the courts of the Republic of Croatia in a suit that he brings against an entity that is controlled in substantial part by the Republic of Croatia.

Third, this new evidence does not lead me to conclude that I made a clear error of law. As stated in *Vidovic II*, op. at 697 (citing *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d Cir.1991)), Defendants bear the burden of persuasion as to all elements of the *forum non conveniens* analysis. This burden comprises two essential elements; the moving party must show that: (1) an adequate, alternative forum exists as to all parties; and (2) the private and public interest factors weigh heavily on the side of dismissal. *See*

---

4. Defendants' other claims of factual error also do not entitle them to reconsideration. In *Vidovic II*, op. at 696–97, I stated that it was essentially uncontested that: (1) the Vessel regularly calls at ports in the United States; and (2) Vidovic signed articles of engagement in San Juan, Puerto Rico. In their motion for reconsideration, Defendants dispute both of these "findings," and assert that it was error to list these facts as essentially uncontested. However, even if there was an error, these facts were not findings and had no impact upon my holding. Accordingly, these claims of factual error do not entitle defendants to reconsideration.

*id.* The requirement of an adequate, alternative forum is satisfied when: (a) the defendant is amenable to process in the other jurisdiction;[5] and (b) the remedy available in the alternative forum is clearly satisfactory. *See id.* at 697–98.

With respect to the adequacy of the remedy available in Croatia, Defendants previously submitted: (1) two Croatian diplomats' statements confirming the safety, stability, and continuity of legal proceedings in the Republic of Croatia; and (2) an affidavit of a private attorney from Croatia attesting to the independence of the judiciary in the Republic of Croatia. Vidovic previously submitted: (a) a letter written by twelve members of Congress to the President of the United States stating that the President of the Republic of Croatia forced the former head of the Croatian Supreme Court to resign because that judge dismissed charges brought against leaders of a political party in opposition to the party that is led by the President of the Republic of Croatia; and (b) a letter that was written by a foreign organization and included in the Congressional Record by a member of Congress stating that a fair trial is not something one can expect in Croa-

tia. The statements by an attorney in Croatia and two Croatian diplomats attesting to the independence of Croatia's judiciary and the various submitted translations of decisions from the civil courts of Croatia do not carry defendants' burden of persuasion when countered by evidence to the contrary from the United States Representatives and the Muslim Parliament of Great Britain. Therefore, I again conclude that Defendants have not carried their burden with respect to the adequacy of the remedy available to Vidovic in Croatia. Because I have rejected each of defendants' arguments in support of their motion for reconsideration, I will deny the motion.[6]

An appropriate Order follows.

### ORDER

AND NOW, this 5th day of August, 1994, upon consideration of defendants' motion for reconsideration (docket entry no. 38) and all papers filed in support thereof and in opposition thereto, IT IS ORDERED that said motion is DENIED for the reasons stated in the accompanying Memorandum. IT IS FURTHER ORDERED that all submissions relating to the choice of law issue must be

---

5. Here, Defendants seek dismissal of this action in favor of litigation proceeding in Croatia. It is undisputed that Defendants are amenable to process in Croatia.

6. In his complaint, Vidovic alleged that this action arose under the Jones Act, 46 U.S.C.A. § 688 (West Supp.1994); the General Maritime Law of the United States; the Foreign Sovereign Immunities Act, 28 U.S.C.A. § 1608 (West Supp.1994); and the Seaman's Wage Act, 46 U.S.C.A. § 10313 (West Supp.1994). Although I previously concluded that I had jurisdiction over the Seaman's Wage Act claim and supplemental jurisdiction over the remaining claims, I made no determination with respect to the applicability of United States law to Vidovic's other claims. *See Vidovic I,* 868 F.Supp. at 693 n. 3.

Among the public interest factors that a court normally considers on a motion to dismiss under the doctrine of *forum non conveniens* is the avoidance of unnecessary problems in conflicts of laws or the application of foreign law. *See Lacey,* 932 F.2d at 180. In their motion to dismiss under that doctrine, Defendants argued that Croatian law applies to all of Vidovic's claims except the Seamans Wage Act claim. Because I determined that Defendants had not met their burden with respect to demonstrating an

adequate, alternative forum, I never addressed the choice of law issue. *See Vidovic II,* op. at 699. Defendants now seek a ruling on that choice of law issue. Because I am denying their motion for reconsideration, I need not reach this issue here.

A motion in limine is the appropriate mechanism through which Defendants can obtain a ruling on choice of law. Although I recognize that this issue has already been thoroughly briefed, I request that the parties again brief and submit all relevant documentation necessary to my determination of the issue because: (1) incorporation by reference to the previous submissions may make the resolution of this issue confusing due to the large number of submissions that have already been filed and (2) the previously filed briefs and submissions may be out of context in that they address the conflict of law issue as it relates to the analysis under the doctrine of *forum non conveniens*—"the avoidance of unnecessary problems in conflicts of laws or the application of foreign law." *Lacey,* 932 F.2d at 180. Because trial is scheduled for August 22, 1994, the parties are required to make all submissions with respect to the choice of law issue on or before Monday, August 15, 1994. If, as defendants suggest, the issue has already been thoroughly briefed, such a short briefing schedule will not be overly onerous.

submitted to the Court on or before August 15, 1994.